**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MICHAEL BILLON, | ) | No. 20 B 17535 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DAVID and DEBORAH SCHNEIDER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 20 A 413 |
| | ) | |
| MICHAEL BILLON, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

**MEMORANDUM OPINION**

Before the court for ruling is the motion of defendant Michael Billon under Rule 12(b)(6) to dismiss the second amended adversary complaint of plaintiffs David and Deborah Schneider for failure to state a claim.  The Schneiders hired Billon to remodel their new home.  They allege that he lied about his construction experience and ability to do the work, and he ended up botching the job.  According to the Schneiders, Billon owes them a debt nondischargeable in his chapter 7 bankruptcy case.

For the reasons below, Billon's motion will be granted and the second amended complaint dismissed.  The Schneiders will have leave to amend again.

**1.  Jurisdiction**

The court has subject matter jurisdiction under 28 U.S.C. § 1334(a) and the district court's Internal Operating Procedure 15(a).  This is a core proceeding.  28 U.S.C. § 157(B)(2)(I).

## 2. Facts

On a Rule 12(b)(6) motion, all well-pleaded allegations in the complaint are taken as true, and all reasonable inferences are drawn in favor of the non-movant. *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 454 (7th Cir. 2020). The court considers not only the complaint's allegations but also its exhibits. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013); *see* Fed. R. Civ. P. 10(c) (made applicable by Fed. R. Bankr. P. 7010).

The Schneiders' complaint and exhibits allege these facts. In 2017, the Schneiders bought property on Glenlake Avenue in Chicago to serve as their main residence. The property needed considerable remodeling and renovation, and the Schneiders retained Joseph Leicht to serve as their interior designer. Leicht recommended Michael Billon to the Schneiders as the right person to do the remodeling work.

On October 3, 2017, Leicht brought Billon to the property so that he could prepare a bid. On October 25, Leicht presented the Schneiders with Billon's $210,000 bid.

On those dates and other dates preceding November 1, 2017, Billon routinely asserted that he had performed similar construction work in the past and had the necessary qualifications and experience to do the Schneiders' job. Billon also represented that his company, Lam-Tech Designs, had the capability and manpower to complete the work on the property's second floor and finish the entire project by March 1, 2018.

These representations were false, and Billon knew they were false. In fact, Billon had limited construction experience. As for his company, Lam-Tech Designs was not a going concern but had been dissolved for at least five years.

Relying on Billon's false representations, the Schneiders entered into a construction contract with Billon on November 1, 2017.

The misrepresentations did not stop there.  On or around November 17 and on other dates, Billon represented that he had a roof construction license.  On or around November 17, the Schneiders and Billon agreed that Billon would replace the roof on the property for an additional sum.

Several times in December 2017 and January 2018, the Schneiders questioned the quality and timing of Billon's work.  Each time, Billon represented either that he had done the work correctly and on time or that he would soon correct the problem the Schneiders had identified.  These representations, too, were false, and Billon knew they were false.

According to the Schneiders, Billon's work caused the "destruction" of the property.  Among other things, Billon installed the roof so poorly that another contractor had to redo the work and correct other structural problems Billon's roofing efforts had caused.  The gutters he installed had to be reinstalled.  He built an unsupported extension on the property's second floor.  His paint work was substandard, and another contractor had to redo it.  He damaged the wood flooring, requiring the replacement of large portions.  He did deficient plumbing work that had to be redone.  And he installed a faulty HVAC system.

The Schneiders paid Billion $134,012 for his substandard work.  They also had to come up with an additional $584,629 to hire a new contractor and fix the damage Billon had caused.

In 2018, the Schneiders sued Billon, Leicht, and Leicht's firm in Illinois state court.  Billon appeared in the action through counsel and continued to do so even after his lawyer withdrew.  The Schneiders eventually moved for summary judgment.  After Billon elected not to file a written response, the state court granted the motion and awarded the Schneiders $735,458.[1]

---

[1]      The order granting the motion was apparently a final judgment.  The order is captioned "order," not "judgment," and does not say it is final and appealable, but it resolved all

Billon then filed a chapter 7 case, and the Schneiders responded with this adversary proceeding. Count I of their second amended adversary complaint alleges that Billon owes them a debt for money obtained through false representations nondischargeable under section 523(a)(2)(A) of the Bankruptcy Code. Count II alleges that Billon owes them a debt for willful and malicious injury to property nondischargeable under section 523(a)(6) of the Code.[2/]

Billon now moves to dismiss both counts under Rule 12(b)(6), Fed. R. Civ. P. 12(b)(6) (made applicable by Fed. R. Bankr. P. 7012(b)), arguing that the Schneiders do not plead fraud with the detail Rule 9(b) requires.

### 3. Discussion

Billon's motion will be granted. The claim in Count I fails to satisfy Rule 9(b) and so fails to state a claim. And since Count II is based on the fraud in Count I, Count II falls as well. The Schneiders will have another chance to amend.

### a. Rule 12(b)(6) Standards

To survive a motion to dismiss under Rule 12(b)(6), a complaint must clear "two

---

claims against Billon. (Sec. Am. Complt. Ex. 6). Although the Schneiders named two other defendants (Leicht and his firm), an earlier order had dismissed the claims against those defendants with prejudice. (*See id.* Ex. 2 to Ex. 3). Because the summary judgment order resolved all remaining claims against the remaining defendant, the order appears final. *See In re Marriage of Gutman*, 232 Ill. 2d 145, 151, 902 N.E.2d 631, 634 (2008) (noting that a judgment is final if it "terminates the litigation of the parties on the merits or disposes of the rights of the parties, either on an entire controversy or a separate part thereof" (internal quotation omitted)).

[2/]    The Schneiders amended their original complaint within 21 days of serving it, as Rule 15(a)(1)(A) entitled them to. Fed. R. Civ. P. 15(a)(1)(A) (made applicable by Fed. R. Bankr. P. 7015). Billon then moved to dismiss the first amended complaint, and the motion was granted. The first amended complaint relied for its factual allegations almost entirely on attached exhibits, making it impossible for Billon to answer.

easy-to-clear hurdles." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must describe the claim in enough detail to give the defendant fair notice of its nature. *Cornielsen v. Infinium Cap. Mgmt., LLC*, 916 F.3d 589, 598 (7th Cir. 2019). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Second, the claim must be "plausible on its face," *id.*, at 570, meaning the right to relief must rise above a "speculative level," *id.* at 555; *see also Cornielsen*, 916 F.3d at 598. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Nelson v. City of Chi.*, 992 F.3d 599, 603 (7th Cir. 2021).

### b.  Count I

Count I, the section 523(a)(2)(A) claim, will be dismissed. As Billon rightly argues, the Schneiders fails to plead fraud with the necessary particularity.

Section 523(a)(2)(A) excepts from discharge "any debt . . . for money . . . to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Although courts sometimes suggest otherwise, the statute describes three separate grounds for holding a debt to be nondischargeable:  false pretenses, false representation, and actual fraud. *City of Chi. v. Spielman (In re Spielman)*, 588 B.R. 198, 204 (Bankr. N.D. Ill. 2018); *Board of Educ. v. Monarrez (In re Monarrez)*, 588 B.R. 838, 858 (Bankr. N.D. Ill. 2018).

The Schneiders' claim is for representational fraud. To state a representational fraud claim under section 523(a)(2)(A), a creditor must allege that (1) the debtor made a false

representation he either knew was false or made with reckless disregard for its truth; (2) the

debtor made the false representation with an intent to deceive or defraud; and (3) the creditor

justifiably relied on the false representation. *In re Davis*, 638 F.3d 549, 553 (7th Cir. 2011);

*Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010); *Schiller DuCanto & Fleck, LLP v.*

*Potter (In re Potter)*, 616 B.R. 745, 751 (Bankr. N.D. Ill. 2020).

The problem with Count I is not that it fails to allege these elements – or at least Billon

does not argue that it fails to. The problem is that it does not allege them in enough detail.

When a party claims fraud, Rule 9(b) requires the party to "state with particularity the

circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Particularity" means "the who, what,

when, where, and how of the fraud: the first paragraph of any newspaper story." *United States*

*ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (internal quotation

omitted). To meet this standard, a complaint must allege "'the identity of the person who made

the misrepresentation, the time, place and content of the misrepresentation, and the method by

which the misrepresentation was communicated to the plaintiff.'" *Cornielsen*, 916 F.3d at 599

(quoting *Vicom Inc. v. Harbridge Merch. Servs., Inc.* 20 F.3d 771, 777 (7th Cir. 1994)).

Count I lacks the detail Rule 9(b) demands. The second amended complaint alleges three

sets of misrepresentations, each of which is too vague to satisfy the rule.

• The first consists of representations Billon made on October 3, October 5, "and other

dates." (Sec. Am. Compl. ¶ 15-17). On those dates, Billon "routinely assert[ed]" that he had

done similar work in the past and had the qualifications and experience to do the work on the

Schneiders' project. (*Id.* ¶ 17). The Schneiders allege who made the misrepresentations and, to

a degree, when and where he made them. But they fail where he made them (at the Glenlake

property or elsewhere) and how he made them (orally, in writing, or by some other method).

Those details are necessary.  *See Cornielsen*, 916 F.3d at 599.[3]

• The second set consists of Billon's representations on the same dates that Lam-Tech had the capability and manpower to finish the second floor and the entire job by specific dates. (Sec. Am. Compl. ¶ 18).  Again, the Schneiders allege who made the misrepresentations and when, more or less.  But again, they omit where Billon made them or how.

• The third set consists of Billon's representations "on or about November 17, 2017, and other dates" that he had a roof construction license.  (Sec. Am. Compl. ¶ 20).  Alleging that Billon made the representation on or about November 17 is enough (though alleging he did so "on other dates" is not), but once more the Schneiders omit where Billon made the representation and how.

A complaint that fails to satisfy Rule 9(b) fails to state a claim.  *See* 5A Arthur R. Miller, Mary Kay Kane & Benjamin Spencer, *Federal Practice & Procedure* § 1300 at 99 (4th ed. 2018).  Billon's motion to dismiss Count I will be granted.

### c.  Count II

As Count I goes, so goes Count II.  Because Count I fails to state a claim and the section 523(a)(6) claim in Count II is based on the same fraud, Count II must be also be dismissed.

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the

---

[3]    Billon attacks the Schneiders' allegation "on information and belief" that he had performed only cabinetry work (Sec. Am. Compl. ¶ 19) and argues that fraud cannot be pled on information and belief.  Billon is generally right, *see United States ex rel. Bogina v. Medline Indus., Inc.*, 809 F.3d 365, 370 (7th Cir. 2016), though allegations of fraud on information and belief can sometimes be enough, *see Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 443 (7th Cir. 2011).  But the Schneiders' allegation about Billon's cabinetry work is meant only to flesh out their allegation that he had "very limited construction experience," an allegation they do not make on information and belief.  (Sec. Am. Compl. ¶ 19).

debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To state a claim, a creditor must allege that (1) the debtor owes a debt resulting from an injury he caused to another entity or that entity's property; (2) his actions were willful; and (3) his actions were malicious. *Groom v. Krook (In re Krook)*, 615 B.R. 479, 487 (Bankr. N.D. Ill. 2020). An act is "malicious" if it is done in "conscious disregard of one's duties or without just cause or excuse." *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 775 (7th Cir. 2013). An act is "willful" if both the act itself and the resulting injury – "the consequences of [the] act" – are intended. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998).

As its language suggests, section 523(a)(6) excepts from discharge debts resulting from intentional torts. *Kawaauhau*, 523 U.S. at 58. Fraud is an intentional tort and so will support a section 523(a)(6) claim. *Krook*, 615 B.R. at 487. Count II of the second amended complaint is based on the conduct alleged in Count I: it alleges no separate misconduct on Billon's part but simply incorporates by reference the complaint's earlier allegations. (Sec. Am. Compl. ¶ 62). Count II is therefore based on the same fraud. (The Schneiders have not alleged, and indeed could not have plausibly alleged, a section 523(a)(6) claim where the underlying tort was trespass to property – a claim that Billon deliberately did shoddy work intending to damage the structure.)

Because Count I fails to allege fraud in a way that complies with Rule 9(b), Count II necessarily suffers from the same deficiency and so must also be dismissed. *LBS Fin. CU v. Craciun (In re Craciun)*, No. CC-13-1552-LaPaKi, 2014 WL 2211742, at *7 (B.A.P. 9th Cir. May 28, 2014) (where a plaintiff's section 523(a)(2)(A) claim failed to plead fraud with

particularity, section 523(a)(6) claim based on the same fraud was also deficient).[4]  Billon's

motion to dismiss Count II will also be granted.

### d.  A Final Note

One final note.  Perhaps because the Schneiders make a great deal out of the state court's

judgment, asserting that the judgment "represents a debt for money obtained . . . under false

pretenses, numerous false representations, and/or actual fraud" (*see* Sec. Am. Comp. ¶ 55),

Billon argues at length that the judgment has no issue preclusive effect here (*see* Billon Mem. at

11-15).

Maybe not.  But the judgment's preclusive effect or lack of it is not relevant yet.  Issue

preclusion, or collateral estoppel as it used to be known, bars a party from relitigating *facts*

resolved in earlier litigation.  *Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, 934 F.3d 953, 563

(7th Cir. 2019).  On summary judgment, then, the Schneiders may argue that the preclusive

effect of their judgment proves the *facts* necessary to show Billon's debt is nondischargeable.

*See, e.g., Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991) (holding that "collateral estoppel

principles . . . apply in discharge exception proceedings pursuant to § 523(a)").  If they do,

Billon will be free to contest whether the judgment is really entitled to preclusive effect.  *See*

*Hooper v. Midland Funding, LLC*, No. 2:19-cv-01601-HNJ, 2020 WL 7691374, at *5 (N.D. Ala.

Dec. 16, 2020) (declining to consider issue preclusion "absent  . . . a fully briefed dispositive

---

[4]      Some decisions hold that Rule 9(b) does not apply to section 523(a)(6) claims.
*See, e.g., Horrigan v. Wald (In re Wald)*, Nos. 11-53644, 12-05008, 2012 WL 2564367, at *9
(Bankr. W.D. Tex. July 2, 2012); *Citizens State Bank v. Ruebel (In re Ruebel)*, 423 B.R. 534, 536
(Bankr. N.D. Iowa 2010).  They reason that section 523(a)(6) "contains no mention of fraud."
*Wald*, 2012 WL 2564367, at *9.  But a section 523(a)(6) claim must always be based on some
"independent tort."  *United Providers, Inc. v. Pagan (In re Pagan)*, 564 B.R. 324, 326 (Bankr.
N.D. Ill. 2017).  If that independent tort is fraud, Rule 9(b) applies.

motion").

Right now, though, this adversary proceeding is still at the motion-to-dismiss stage. That means the only question is the sufficiency of the complaint. *Bell v. City of Country Club Hills*, 841 F.3d 713, 716 (7th Cir. 2016). At this stage, the Schneiders need not prove any facts; they need only allege claims. *See Goldstein v. Zilberbrand (In re Zilberbrand)*, 602 B.R. 53, 59-60 (Bankr. N.D. Ill. 2019). So Billon's argument that the Schneiders' judgment has no preclusive effect, even if well-taken, supplies no reason to dismiss their complaint. *See, e.g., Osborne v. Stage (In re Stage)*, 321 B.R. 486, 490 (B.A.P. 8th Cir. 2005) (noting that the bankruptcy court had denied the defendant's motion to dismiss because her issue preclusion argument was "premature" until "summary judgment").

### e.  Leave to Amend

The Schneiders will have leave to amend. Although they are on their third complaint and the next will be their fourth, they amended their original complaint as of right for reasons best known to them, and they amended their second complaint only because its form made it unanswerable. So the next complaint will be their first chance to address the Rule 9(b) problems identified here. A plaintiff whose complaint has been dismissed should receive "at least one opportunity to try to amend," *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir. 2015), unless that opportunity would clearly be futile, *Bogie*, 705 F.3d at 608. There is no reason to believe the Schneiders cannot fix the problems with their complaint.

### 4.  Conclusion

The motion of defendant Michael Billon to dismiss the second amended adversary complaint of plaintiffs David and Deborah Schneider is granted. The Schneiders have leave to

-10-

amend.  A separate order will be entered consistent with this opinion.

Dated: July 12, 2021

_____
A. Benjamin Goldgar
United States Bankruptcy Judge